ROXBOROUGH MANAYUNK FEDERAL
SAVINGS AND LOAN ASSOCIATION,
Petitioner,

v.

COMMONWEALTH of Pennsylvania,
Respondent.

No. 82 F.R. 1992.

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1997.

Decided Nov. 21, 1997.

E. Morgan Maxwell, III, Philadelphia, for petitioner.

Bart J. DeLuca, Jr., Senior Deputy Attorney General, Harrisburg, for respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, FRIEDMAN and FLAHERTY, JJ.

McGINLEY, Judge.

Roxborough Manayunk Federal Savings and Loan Association (Roxborough) files exceptions to this Court's January 7, 1997, order affirming the January 22, 1992, order of the Board of Finance and Revenue which upheld the resettlement by the Commonwealth of Pennsylvania, Department of Revenue (Department) of Roxborough's Pennsylvania Mutual Thrift Institutions Tax for the year 1987.

The facts in this controversy are accurately recounted in an opinion by Judge Dan Pellegrini of this Court as follows:

1. Roxborough has reorganized as a savings bank—Roxborough Manayunk Federal Savings Bank. The reorganization has no effect on this case or the applicability of the MTIT.

2. Demand deposits are funds accepted by a bank which are subject to immediate withdrawal. *In re Protest of Great Plains Federal Savings and Loan Association of Claremore,* 743 P.2d 640, 641 n. 1 (Okla.1987), *cert. denied and appeal dismissed,* 485 U.S. 901, 108 S.Ct. 1070, 99 L.Ed.2d 230 (1988).

Roxborough, a Pennsylvania corporation with its principal place of business in Philadelphia, is subject to the Pennsylvania Mutual Thrift Institutions Tax (MTIT) pursuant to Article XV of the Tax Reform Code of 1971 (Tax Reform Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 8501–8506.

Roxborough[1] filed its 1987 MTIT report on February 13, 1988. In this report Roxborough did not include in its MTIT taxable income base the interest income earned from a demand deposit account[2] with the Federal Home Loan Bank of Pittsburgh (FHLB) because it believed such interest income was exempt.[3] In 1987, as it had in prior years, Roxborough deposited a substantial portion of its daily liquid funds in a demand deposit account with the FHLB. Demand deposit accounts with the FHLB, as well as bonds and notes it issues, all bear interest. Roxborough received periodic statements from the FHLB on this account detailing the interest accrued and daily balances.

The Department initially settled Roxborough's 1987 MTIT tax without changes. Then, in 1991, after resettling Roxborough's 1989 MTIT return, the Department initiated a resettlement of the 1987 report, increasing the tax due for that year. The Department resettled the tax by disallowing an exemption for the interest income from the FHLB demand deposit account, taking the position that an FHLB demand deposit account was not required to be exempt as a United States obligation, and adjusted the tax liability accordingly.[4] On Roxborough's appeal, the Board sustained the resettlement initiated by the Department. Roxborough then filed a pe-

3. The Federal Home Loan Bank system was created by federal statute, The Federal Home Loan Bank Act, 12 U.S.C. §§ 1421—1449.

4. Prior to the settlement of the 1989 MTIT return, Roxborough was unaware of any position of the Department that interest on FHLB demand deposit accounts should be included in the taxable income base for the MTIT. In general, the only guidance given by the Department is its Corporation Tax Bulletin No. 94, which lists what the Department considers "United States obligations" and which includes "Federal Home Loan Bank Notes and Consolidation Bonds".

tition for review with this Court which was heard *de novo.* (footnote omitted).

*Roxborough Manayunk Federal Savings and Loan Association v. Commonwealth of Pennsylvania,* 687 A.2d 1202, 1203–1204 (Pa. Cmwlth.1997).

This Court issued an order on January 7, 1997, affirming the order of the Board with judgment to be entered on the praecipe of either party unless exceptions were timely filed.

Roxborough filed the following exceptions:

1. The prior opinion of this Court misapplies and misconstrues federal law governing demand deposit accounts of the FHLB;

2. The prior opinion of this Court misapplies and misconstrues the doctrine of *ejusdem generis;* and,

3. The prior opinion of this Court misapplies and misconstrues Pennsylvania law governing the interpretation of the MTIT statute and Pennsylvania taxes in general.

These issues were ably and thoroughly disposed of in *Roxborough* by Judge Dan Pellegrini who neither misapplied nor misconstrued the law or the doctrine of *ejusdem generis.* Accordingly, the exceptions to the January 7, 1997, order are dismissed.

### ORDER

AND NOW, this 21st day of November, 1997, the exceptions to the January 7, 1997, order in the above captioned case are dismissed. Judgment is hereby entered in favor of the Commonwealth of Pennsylvania.

LEADBETTER, J., did not participate in the decision in this case.

